```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSEPH A. KENNY,

                    Plaintiff,
                                        MEMORANDUM & ORDER
         -against-                      15-CV-4619(JS)(AKT)

THE GOVERNMENT OF THE U.S.A.,
et. al.,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Joseph A. Kenny, pro se
                   72-21 67th Street
                   Apt. 3D
                   Glendale, NY 11385-6911

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On July 27, 2015, pro se plaintiff Joseph A. Kenny ("Plaintiff") filed an unsigned, five-page Complaint against the "U.S.A. Government" and Congressman John Boehner (together, "Defendants"), alleging fantastic claims against them together with an application to proceed in forma pauperis. By Notice of Deficiency also dated July 27, 2015 ("Notice"), Plaintiff was instructed to sign and return the enclosed copy of his Complaint within fourteen (14) days in order to proceed with this case. (See Notice, Docket Entry 4.) On August 24, 2015, Plaintiff filed a signed copy of his Complaint together with a Motion to Transfer this case to the Brooklyn Courthouse. (Docket Entry 5, 6.) Although the signed Complaint was not timely filed, the Court will

accept it.

On October 27, 2015, Plaintiff filed a twenty-five page Amended Complaint against the original Defendants and an additional sixteen (16) individuals, all of whom are either past-Presidents of the United States and/or elected government officials, and many of whom are deceased. (Am. compl., Docket Entry 12.)

Also on October 27, 2015, Plaintiff filed a motion to proceed in forma pauperis. Upon review of Plaintiff's application to proceed in forma pauperis, the Court finds that he is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to allege a plausible claim for relief. Given the dismissal of the Complaint, the Motion to Transfer this case to the Brooklyn Courthouse is DENIED as MOOT.

BACKGROUND

Plaintiff's Amended Complaint is difficult to comprehend and his rambling allegations are fanciful, disjointed, and nonsensical. Plaintiff asserts that his claims arise under the "Nuremberg Alien Act; July 1974 and the American Victory Legislation of December 2009." (Am. Compl. ¶ II.B.) Plaintiff's Statement of Facts begins:

> I ask to be anonymous in disclosing the Enclosed Civil Law Suit Complaint/Motion of a Draft Manuscript: Against the U.S.A. Government's Former Presidents and today's Bi-Legislative Congress for protecting the ALLIED SUPREME MILITARY TRIBUNAL CONVICT OF Madelene Joan (Costin) Kenny's April 6th 1954 Conviction pertaining to Court Case Docket Document filing number #Q-7:154253-Q.807.53: . . . held by then Chief Executive-Presiding President of the United States Dwight D. Eisenhower and deposited in the Camp David Historical Achieve Treasury on July 31st 1955. I add - a second MILITARY SUPREME TRIAL by Fourth Superior Federal Court Chief Justice John Feuruk . . . Dated: July 20th, 1959 in Court Case Docket Documentation filing number #HZ-7 9 3 2 8 1 5 6 0 9 3 4 8 2 7 0 9 7 8 4 2 1-UZB.792874167049184073261 94-ZBGX . . . The Government of U.S.A. has failed to successfully prosecute, sentence and punish the above War Criminal allowing her to live unabatedly free and formerly employed in the NY Government and today collecting Social Security and a NYS Court Pension. . . .

(Compl. ¶ III.C.) The Amended Complaint continues in this fashion through page twenty-five and is equally difficult to comprehend. As the Court best understands, Plaintiff seeks retribution for alleged "crimes against humanity" committed by United States officials and his mother, Madelene Joan (Costin) Kenny. (See generally, Am. Compl.)

## DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of

the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000). "An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (alteration in original)); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728,

5

1733, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint must contain: . . . "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against it. See FED. R. CIV. P. 8; Iqbal, 556 U.S. at 678. "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

Here, as is readily apparent, the Amended Complaint is nothing more than Plaintiff's delusions and does not set forth any cognizable claim. Given that Plaintiff has filed a frivolous Amended Complaint, it is sua sponte DISMISSED WITH PREJUDICE. Baron v. Complete Mgmt., Inc., 260 F. App'x 399 (2d

6

Cir. 2008) ("[D]ismissal is appropriate where, as here, a complaint is a 'labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension.'") (quoting Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (second alteration in original) (per curiam)).

III. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[W]hen addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v.

7

Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. However, if amendment would be futile, i.e., if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. See Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Construing the Plaintiff's Amended Complaint liberally, and interpreting it as raising the strongest arguments it suggests, Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court finds that Plaintiff's allegations rise to the level of the irrational. Accordingly, the Court declines to afford Plaintiff an opportunity to further amend his Complaint given that the deficiencies therein are not such that could be cured by further amendment.

IV. Litigation Injunction

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district

courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events); In re Martin-Trigona, 9 F.3d 226, 227-28 (2d Cir. 1993). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Plaintiff's instant action, together with docket number 15-CV-4618, suggest that Plaintiff may file a new action concerning his mother's alleged involvement with "crimes against humanity." (See Am. Compl. generally and at 5). Plaintiff's continued filing of in forma pauperis complaints relating to this issue constitutes an abuse of the judicial

process. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (brackets, internal quotation marks and citation omitted).

The Court is especially cognizant of Plaintiff's pro se status and has considered his Complaint in as positive light as possible. Nonetheless, the Court warns Plaintiff that similar, future complaints will not be tolerated. If Plaintiff persists in this course of action, the Court will require that Plaintiff first seek leave of Court before submitting such filings. In addition, the Court may direct the Clerk of the Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may sua sponte dismiss the case with prejudice. Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se

litigants . . ."), and should he file another action relating to the subject of the instant Complaint, it is within the Court's authority to consider imposing sanctions upon him. See FED. R. CIV. P. 11. In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"); Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.'" (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)).

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED but the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a plausible claim. Given the dismissal of the Complaint, Plaintiff's Motion to Transfer this case to the Brooklyn Courthouse is DENIED as MOOT. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would

not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the <u>pro</u> <u>se</u> Plaintiff and to mark this case CLOSED.

        SO ORDERED.

        <u>/s/ JOANNA SEYBERT</u>
        Joanna Seybert, U.S.D.J.

Dated:    December __14__, 2015
           Central Islip, New York